Brendan GLASS

v.

**VOLKSWAGEN OF AMERICA, INC.**

No. JFM–01–2487.

United States District Court,
D. Maryland.

Nov. 26, 2001.

Marc L. Jordan, Jordan & Tell, LLP, Columbia, MD, for plaintiff.

John L. Hone, Lipshultz and Hone, Chtd., Silver Spring, MD, for defendant.

## MEMORANDUM

MOTZ, District Judge.

In this products liability action involving alleged design and manufacturing defects, defendants Volkswagen AG ("VWAG") and Volkswagen de Mexico ("VWM") have moved to quash service sought to be effected upon them by delivery of the complaint and summons upon CT Corporation System, the registered agent for Volkswagen of America in Maryland. VWAG and VWM contend that they must be served under the provisions of the Hague Convention.

Fed.R.Civ.P. 4(h)(2), incorporating Rule 4(f), requires that when service is being made upon a corporation in a foreign country, the service be made "by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention . . . ." On the other hand, Rule 4(h), incorporating Rule 4(e), permits a foreign corporation to be served within the United States "pursuant to the law of the state in which the district court is located." Thus, if Maryland law permits service upon VWAG and VWM by delivery of the complaint and summons to VWoA in Maryland, plaintiffs need not comply with the Hague Convention. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707–08, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988).

 Maryland law does not provide for such service. Maryland Rule 2–124(c) provides that service may be made upon a corporation only by serving a "person expressly or impliedly authorized to receive service of process." For jurisdictional (as well as other) purposes, a subsidiary corporation is not an agent of its parent unless the facts concerning their relationship warrant piercing the veil between the two. *Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F.3d 56, 63 (4th Cir.1993); *see also Nichol-*

*son v. Yamaha Motor Co., Ltd.,* 80 Md. App. 695, 566 A.2d 135, 137 (Spec.App.1989) (stating in dictum that "we have considerable difficulty" with the proposition that service on Yamaha Japan's American subsidiary constituted adequate service on Yamaha Japan); *In re American Honda Motor Co., Inc. Dealerships Relations Litigation,* 941 F.Supp. 528, 551–52 (D.Md.1996) (finding insufficient allegations to pierce the corporate veil between Honda Japan and its American subsidiary). Plaintiffs have not alleged any facts that would justify piercing the corporate veil between the various Volkswagen entities.

Plaintiffs suggest that they should be entitled to discovery before the motion to quash is ruled upon. Discovery, however, cannot simply be a fishing expedition, and absent allegations (made subject to the strictures of Rule 11) that would provide a basis for piercing the corporation veil, plaintiffs are not entitled to such discovery. Likewise, plaintiffs' final argument— that they should be able to effect service on VWAG and VWM by serving Maryland's State Department of Assessments and Taxation pursuant to Maryland Rule 2–124(m)—is entirely unavailing. Such substituted service may be made only where a corporation that is required by Maryland law to have a resident agent in the State, has no such agent (or the agent is no longer at the address for service maintained with the Department or two good faith attempts to serve the agent have failed). Here, plaintiffs have made no allegations demonstrating that either VWAG or VWM was required to maintain a resident agent in Maryland.